## BAS *v*. FERRÁN.

### APPEAL from the District Court of Ponce.

No. 218.—Decided March 20, 1908.

ALLEGATIONS—DEMURRER—CAUSE OF ACTION.—A general demurrer based on the ground that the complaint does not state facts sufficient to constitute a cause of action may be raised for the first time in the appellate court, and even if it is not so raised the appellate court may nevertheless consider and determine the same.

ID.—PURCHASE AND SALE—PERSONAL ACTION OF VENDOR.—An action by the vendor of real property to recover the unpaid balance of the profits is a personal action since, if the property is not especially encumbered to secure the payment of the price the vendor retains no real right therein.

ID.—THIRD PARTY.—The fact that it has been made to appear in the registry that the balance of the purchase price remains unpaid in accordance with the provisions of article 9 of the Mortgage Law, does not in itself change the nature of the civil action which the vendor has a right to bring, nor does the mere statement that a part of the price remains unpaid constitute a real right in favor of the vendor, nor could it operate to the prejudice of a third party unless it is expressly mentioned in the registry of property.

ID.—RESOLUTION OF CONTRACT.—The bilateral nature of the obligations referred to in section 1091 of the Civil Code presupposes the existence of mutually binding obligations between parties, and where a third party is involved, who is not in any way bound or legally related in anywise to the person demanding the compliance or resolution of the obligation, and the complaint contains no facts showing the existence of such relations as must exist between the parties, it is sufficient to warrant the court in holding that it does not state facts sufficient to constitute a cause of action.

ID.—RESOLUTION OR RESCISSION OF CONTRACT.—In order that an action to recover the balance of an unpaid purchase price may be brought against a third party, it is necessary that the complaint should state that such balance was secured by mortgage recorded in the registry of property, or that it was agreed that failure to pay the same would operate to determine or to rescind the contract, and that such a resolutory condition was made to appear in the registry of property, and in the absence thereof, that fraud had been prac-

ticed and that the third party acquired under a title passed without a consideration, and that he was an accessory or accomplice therein. If none of these allegations are made in the complaint, and it is not alleged that the vendor and plaintiff had a legal mortgage which was subsequently converted into a special mortgage, recorded in the registry, the complaint will be held not to state facts sufficient to constitute a cause of action against a third party.

The facts are stated in the opinion.

*Mr. Boerman* for appellant.

*Mr. José Tous Soto* for respondent.

Mr. Justice Figueras delivered the opinion of the court.

Jaime Bas y García, of age, as the heir of his father, Jaime Bas, and as the assignee of his sister, also of age, Encarnación Bas y García, filed a complaint in the District Court of Ponce on March 16, 1907, alleging:

"First. That when the plaintiff and his sister were minors, their father sold a house and lot to Joaquin Vargas, receiving from the latter a part of the purchase price in cash, the balance, amounting to 3,994 *pesos macuquinos*, remaining, to be paid in two installments, the dates and amounts of which were stipulated;

"Second. That the sale was made by public deed and was recorded in the Registry of Property of Ponce with the note that the remainder of the purchase price was payable at a subsequent date;

"Third. That Joaquin Vargas sold said lot and house to the defendant, Joaquin Ferrán y Lluis, who possesses the same at the present time; and

"Fourth. That neither Vargas nor Ferrán has up to the present time paid the installments due which appear in the registry as a charge on the estate."

Under these circumstances the plaintiff prays for judgment directing the defendant to pay the installments due with legal interest and that if he refuses to do so that the purchase and sale made by the father of the plaintiff be rescinded and the ownership of the estate returned to the plaintiff, with the costs of the proceedings against the defendant.

The defendant demurred to this complaint on the ground that it did not state facts sufficient to constitute a cause of action, but we do not know why this demurrer was afterwards abandoned and the complaint answered on the merits, the answer alleging in the first place:

"(*a*) That the defendant's vendor, José Joaquin Vargas, has paid on the dates agreed the balance of the price due to the father of the plaintiff."

As a second defense, separate and subsidiary to the proceding one, it was alleged:

"(*b*) That the action exercised has prescribed according to law 5, title 8, Book II, of the *Novisima Recopilación*, as more than 30 years have elapsed since this action could be exercised, deducting the period of time when the plaintiff and his sister, the assignor of a part of the installments, were minors.

"(*c*) That prescription has not been interrupted either judicially or extra judicially, either by claims of the plaintiffis or their predecessors in interest or acknowledgments of the defendant."

Upon these allegations it was prayed that the complaint be dismissed with the costs against the party plaintiff.

The trial having been had and the evidence heard, the Judge of the District Court of Ponce rendered judgment on September 12, 1907, entered the same date, holding that the law and the facts were against the plaintiff and in favor of the defendant, and dismissing the complaint with the costs against the plaintiff, who took an appeal on September 19, 1907.

There is a statement of facts approved by the judge and dated November 4, 1907.

The appellant and plaintiff maintains in his brief and argument:

"First. That the action exercised in this case is a real action;

"Second. That before the present Code of Civil Procedure went into effect, there was no prescription against heirs, under 25 years of age when the inheritance began, to make their claim;

"Third. That if prescription had existed, it would have been interrupted by novation, inasmuch as the defendant knew from the registry that the payment of part of the purchase price had been postponed in the original sale and that this circumstance was also known by communication from the plaintiff;

"Fourth. That in the calculation of the time of prescription the years which ran against the father of the plaintiff should not be reckoned because there is no law which provides for such inclusion."

The respondent and defendant alleges in opposition in his brief and oral argument:

"(*a*) That the plaintiff has no action against the defendant;

"(*b*) That the action exercised is a personal action and even if it were a real action it would also have prescribed, because the original contract of purchase and sale took place on July 28, 1857, and one of the installments fell due on August 1, 1858, and the other on August 1, 1859;

"(*c*) That there has been no such novation as the adverse party alleges; and

"(*d*) That the notice alleged to have been served on the defendant to the effect that the amount of the purchase price postponed had not been made, does not appear to have been made before the consummation of the sale, nor would such notice be sufficient to interrupt the prescription, because the Law of the Castile provided that extra judicial claims, in order that they might produce the effect of interrupting the time which had begun to run, should be made in the presence of residents or arbitrators.

These are the questions raised which have been submitted to the consideration of this Supreme Court.

A proper method suggests that we consider in the first place the complaint in order to ascertain whether it "states facts sufficient to constitute a cause of action," which according to section 105 of the Code of Civil Procedure is one of the grounds which may be alleged by demurrer to the complaint and which was alleged by the respondent in this Supreme Court, but even if this were not the case, we would always have the power to consider and to render the proper decision thereon, as prescribed by section 109 of the said Code.

The action which the plaintiff has in his own right as the son and heir of Jaime Bas and as the assignee of Encarnación Bas, the other heir and daughter of said Jaime Bas, is a purely personal one, because the vendor of an estate on installments does not retain a property right therein, because the estate is not specially subject to the payment of the price. This complaint as presented would be properly directed against Vargas if he had not sold the estate to a third person.

It is true that the complaint states that the fact that the remainder of the purchase price remained unpaid was recorded in the registry of property, and thereby the provisions of article 2 of the Mortgage Law were complied with, but this fact in itself does not change the civil nature of the action brought by the plaintiff, to the extent that the omission to state in the title the circumstance that the remainder of the purchase price had been left pending, would constitute for the purposes of the registry nothing but a curable defect according to article 65 of the Mortgage Law and article 110 of the Regulations for its Execution, and this gives a clear idea that a simple statement that part of the purchase price remained unpaid does not constitute a right in favor of the vendor nor strengthen that which he has which is derived from the contract itself.

Consequently the record in the registry in this case is not sufficient and for this reason the Mortgage Law in article 29 does not content itself with simply mentioning a property right, but in using the word "mentioning" it employs the adverb expressly, and only then can the mentioning prejudice a third person.

It appears, judging from the prayer of the complaint, that the plaintiff bases his claim on the provisions of article 1124 of the former Civil Code, which is the same as section 1091 of the Revised Code, inasmuch as he prays for payment of the installments due or the rescission of the contract of purchase and sale.

But the bilateral or reciprocal character of obligations to which the preceding article refers, as José Manresa y Navárro very aptly says, presupposes that the two persons, the parties necessary to the obligatory relation, are at the same time mutual debtors and creditors. A consequence of this indestructible reciprocity are the specialties of these obligations, of which the most important and characteristic is that mentioned in this article: "The power of one of the obligees to rescind when the other does not comply with his obligations."

The defendant Joaquin Ferrán y Lluis did not enter into any contract of purchase and sale either with the plaintiff or his predecessor in interest, Jaime Bas. There exists no juridical tie or relation of any kind between them. And the absence in the complaint of facts showing this relation or tie existing between them is sufficient to deduce on these grounds that the complaint does not state facts sufficient to constitute a cause of action against the defendant.

But this is not all. Article 1124 and section 1091 above cited, which, in a proper case, authorizes the rescission of obligations, does so without prejudice to the acquired rights of third persons and then it refers us to articles 1295 and 1298 of the former Civil Code, which are the equivalent of sections

1262 and 1265 of the Revised Code, and it also refers us to the provisions of the Mortgage Law.

It cannot be denied that the defendant Ferrán is a third person because he did not take part in the recorded contract of purchase and sale entered into between Jaime Bas and José Joaquin Vargas (article 27 of the Mortgage Law).

And Ferrán, being a third person, in order to direct the action against him, as has been done in this case, it was necessary to set forth in the complaint that the payment of the part of the purchase price due had been secured by mortgage recorded in the registry or that it has been stipulated that failure to make payment would give rise to the rescission or resolution of the contract and that such rescissory or resolutory condition had been recorded in the registry, that the conveyance to Ferrán was made for a good consideration and that the latter had been a party to the fraud of which the plaintiff was a victim as the present creditor of José Joaquin Vargas (article 37 of the Mortgage Law).

If nothing of this kind is stated in the complaint, and if it is not alleged therein that the plaintiff had a legal mortgage which has been converted now into a special mortgage and which was recorded on the estate sold, we cannot explain how with these deficiencies in the complaint it could be directed against Joaquin Ferrán y Lluis, because all these elements of fact which the complaint absolutely lacks, are indispensable to permit the assignor, Jaime Bas, and now his sons and heirs, to be secured in the payment of the price against a third person and, as we have said, the defendant, Joaquin Ferran y Lluis, is such a third person.

The decision of the Supreme Court of Spain of January 8, 1874, is worthy of being taken into consideration in this appeal.

Therefore, if the complaint does not state facts sufficient to constitute a cause of action against said defendant, and this ground is material in the decision of this case on appeal,

there is no necessity of considering the other allegations which both the appellant and the respondent allege in favor of their respective interests.

For the reasons stated the judgment appealed from should be affirmed with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.